UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LLOYD VALDIMAR FALCONER,

        Plaintiff,

v.

ASTRID 1 LLC D/B/A HOLLYWOOD
BEACH HOTELS, ASTRID 2 LLC
D/B/A SEA TURTLE RESORT,
ASTRID 3 LLC, ASTRID 4 LLC,
ASTRID 5 LLC, MARC EISENMANN,
ASTRID EISENMANN,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, LLOYD VALDIMAR FALCONER, brings this action against Defendants, ASTRID 1 LLC D/B/A HOLLYWOOD BEACH HOTELS, ASTRID 2 LLC D/B/A SEA TURTLE RESORT, ASTRID 3 LLC, MARC EISENMANN, and ASTRID EISENMANN, , pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff LLOYD VALDIMAR FALCONER was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4. At all times material hereto, Defendant, ASTRID 1 LLC D/B/A HOLLYWOOD BEACH HOTELS, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of hotel operations, at all times material hereto was the "employer" of

Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, ASTRID 2 LLC D/B/A SEA TURTLE RESORT, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of hotel operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, ASTRID 3 LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of hotel operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7. At all times material hereto, Defendant, ASTRID 4 LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of hotel operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

8. At all times material hereto, Defendant, ASTRID 5 LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of hotel operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

9. Defendant, MARC EISENMANN, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, ASTRID 1 LLC D/B/A HOLLYWOOD BEACH HOTELS, ASTRID 2 LLC D/B/A SEA TURTLE RESORT, ASTRID 3 LLC, ASTRID 4 LLC, AND ASTRID 5 LLC, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of ASTRID 1 LLC D/B/A HOLLYWOOD BEACH HOTELS, ASTRID 2 LLC D/B/A SEA TURTLE RESORT, ASTRID 3 LLC, ASTRID 4 LLC, and ASTRID 5 LLC. Accordingly, MARC EISENMANN was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

10. Defendant, ASTRID EISENMANN, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, ASTRID 1 LLC D/B/A HOLLYWOOD BEACH HOTELS, ASTRID 2 LLC D/B/A SEA TURTLE RESORT, ASTRID 3 LLC, ASTRID 4 LLC, AND ASTRID 5 LLC, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of ASTRID 1 LLC D/B/A HOLLYWOOD BEACH HOTELS, ASTRID 2 LLC D/B/A SEA TURTLE RESORT, ASTRID 3 LLC, ASTRID 4 LLC, and ASTRID 5 LLC. Accordingly, ASTRID EISENMANN was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Defendants, ASTRID 1 LLC D/B/A HOLLYWOOD BEACH HOTELS, ASTRID 2 LLC D/B/A SEA TURTLE RESORT, ASTRID 3 LLC, ASTRID 4 LLC, and ASTRID 5 LLC, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

12. Defendants, ASTRID 1 LLC D/B/A HOLLYWOOD BEACH HOTELS, ASTRID 2 LLC D/B/A SEA TURTLE RESORT, ASTRID 3 LLC, ASTRID 4 LLC, and ASTRID 5 LLC, were joint employers of Plaintiff, under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

13. At times material hereto, Defendants MARC EISENMANN and ASTRID EISENMANN managed the day-to-day operations of the following hotels, which constitute a single enterprise under the FLSA and jointly employed Plaintiff: (1) Seagull, 1915 N Ocean Drive, Hollywood, Florida, (2) Flamingo, 324 McKinley Street, Hollywood, Florida, (3) Swan, 345 Cleveland Street, Hollywood, Florida, (4) Sea Turtle, 315 Roosevelt Street, Hollywood, Florida, (5) Seaside, 333 Oklahoma Street, Hollywood, Florida, (6) Blue Wave, 333 Cleveland Street, Hollywood, Florida, (7) Ocean Villas, 327 Cleveland Street, Hollywood, Florida, (8) Silver Spray, 2115 North Ocean Drive, Hollywood, Florida, (9) Paradise, 1907 North Surf Road, Hollywood, Florida, (10) The Palms, 1815 North Ocean Drive, Hollywood, Florida, (11) Grenier's, 326 Nebraska Street, Hollywood, Florida, and (12) OceanSide, 315 Cleveland Street, Hollywood, Florida.

14. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

15. Plaintiff LLOYD VALDIMAR FALCONER worked for Defendants as a maintenance laborer.

16. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for certain hours worked over 40 per week.

17. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

18. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

19. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

20. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

21. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-20 above as if set forth herein in full.

22. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

23. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

*Elliot A. Kozolchyk*

Elliot Kozolchyk, Esq.
Bar No.: 74791